UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| READING BLUE MOUNTAIN : | | |
| & NORTHERN RAILROAD CO., : | | |
| Plaintiff : | No. | |
| : | | |
| v. : | Judge | |
| : | | |
| UGI UTILITIES, INC., : | Filed Electronically | |
| Defendant : | | |

## COMPLAINT

AND NOW comes Plaintiff, READING BLUE MOUNTAIN AND NORTHERN RAILROAD CO. ("RBMN"), by its attorneys, NAUMAN, SMITH, SHISSLER & HALL, LLP, and files this Complaint against Defendant, UGI UTILITIES, INC., ("UGI") as follows:

### NATURE OF ACTION

1. RBMN seeks declaratory and injunctive relief for UGI's actions under the laws of the Commonwealth of Pennsylvania to take RBMN's freight railroad operating property used in interstate rail transportation. RBMN seeks a declaration that UGI's state law condemnation authority is preempted by the

Interstate Commerce Commission Termination Act (the "ICCTA"), 49 U.S.C. §10101, *et seq.,* to the extent UGI seeks to take possession of and enter upon RBMN's railroad right-of-way to construct a natural gas pipeline and related facilities under RBMN's main tracks without executing RBMN's standard License Agreement for Wire, Pipe and Cable Transverse Crossings and Longitudinal Occupations ("License Agreement"), which License Agreement is standard in the railroad industry and has been executed by UGI for other locations.  RBMN further seeks a declaration that UGI's use of state law to enter upon and encumber RBMN's railroad property imposes an impermissible burden on interstate commerce in violation of the Commerce Clause of the United States., U.S. CONST., art. I, §8.  Finally, RBMN seeks injunctive relief to maintain the status quo and to avoid the imminent and irreparable harm threatened by UGI's actions, for which there is no adequate remedy at law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action arises under the Constitution, laws, or treaties of the United States.  This Court also has jurisdiction over this action pursuant to 28

U.S.C. §1337, because this action arises under an Act of Congress regulating commerce, specifically, the ICCTA.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to RBMN's claims occurred in the Middle District of Pennsylvania and/or a substantial part of the property that is subject of the action is situated in the Middle District of Pennsylvania.

## PARTIES

4.  RBMN is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and is principally engaged in the business of rail transportation. RBMN maintains its principal office and its place of business at One Railroad Boulevard, Port Clinton, Berks County, Pennsylvania and has as its mailing address P.O. Box 188, Port Clinton, PA 19549.

5.  UGI is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and is principally engaged in the business of producing, purchasing, storing, transporting and distributing natural gas. UGI maintains its principal office and place of business in Valley Forge, Montgomery County, Pennsylvania, and has as its mailing address P.O. Box 858, Valley Forge, PA 19482.

## FACTS

6. RBMN is a common carrier by rail transporting interstate commerce subject to the jurisdiction of the Surface Transportation Board ("STB") and the ICCTA. The safety of the rail lines is also governed by the Federal Rail Safety Act ("FSRA"), 49 U.S.C. §20101, *et seq.*, and the regulations promulgated pursuant to the ICCTA and the FRSA.

7. RBMN operates 315 miles of rail located in eight counties in Pennsylvania. RBMN offers freight transportation and passenger excursion services. RBMN connects to Norfolk Southern Railroad Co. and Canadian Pacific Railway. RBMN's integrated freight rail transportation system promotes and benefits interstate commerce.

8. RBMN's rail transportation system in Pennsylvania includes a right-of-way that runs approximately from Reading to Hazelton ("Right of Way"). RBMN operates track[s] on the Right of Way, which is part of RBMN's main line between Reading and Hazelton. The Right of Way serves as the entry point into the greater Hazelton area. The Right of Way is a vital and integral part of RBMN's rail transportation system.

9. RBMN anticipates the need to perform track upgrades, expansions

and relocations at the Right of Way in the near future due, in part, to anticipated future business demands.

      10.    On July 29, 2011, UGI filed its Petition for Approval and Order for Filing of Condemnation Bond with the Carbon County Court of Common Pleas seeking entry upon, taking and appropriation for a public purpose, of an easement and right of way over the portion of the Right of Way located at M.P. 8.6 in McAdoo, Banks Township, Carbon County, Pennsylvania for the purposes of constructing, operating, maintaining, replacing and changing a pipeline for the transportation, transmission and distribution of natural gas with the right in said company, its successors and assigns to enter upon such easement and/or right of way at such times as may be fit and necessary for said purposes, pursuant to 15 P.S. Section 1511.  A true and correct copy of the Petition is attached hereto as Exhibit "A".

      11.    UGI has contracted with Brubacher Excavating, Inc. to jack and bore an 874-foot tunnel and install a 12 inch Dia Steel Casing Pipe with 8 inch Dia HDPE under the Right of Way beginning on November 28, 2011.

12. Counsel for UGI has informed counsel for RBMN that UGI intends to excavate and install the pipeline without signing the License Agreement.  A true and correct copy of the License Agreement is attached hereto as Exhibit "B."

13. UGI's intended entry upon, taking and appropriation of "an easement and right of way over and upon" RBMN's railroad right of way while refusing to execute RBMN's standard License Agreement is expressly preempted by federal law under the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. §10501(b), to the extent such easement interferes with railroad operations. UGI's actions furthermore impose an impermissible burden on interstate commerce in violation of the Commerce Clause of the United States., U.S. CONST., art. I, §8.

14. The installation and existence of Petitioner's proposed "below-ground natural gas service line(s) and the operation, maintenance, replacement and changing thereof" without the execution of RBMN's standard License Agreement will materially interfere with RBMN's present and future use of its property for railroad purposes and will unreasonably burden RBMN's railroad operations.

## Count I
## Declaratory Judgment (ICCTA Preemption)

15. The averments in paragraphs 1 through 14 are incorporated by reference.

16. If UGI proceeds to take possession of and enter upon that portion of the railroad operating Right of Way to construct the natural gas pipeline and related facilities without executing RBMN's standard License Agreement, which obligates UGI to relocate its gas pipeline at its cost where necessary to permit and accommodate changes of grade or alignment and improvement in or additions to RBMN's railroad facilities and to indemnify, protect and save harmless the railroad from all costs or expenses from any losses or damages sustained by the railroad on account of the construction of the natural gas pipeline under RBMN's main tracks, RBMN's harm will include, without limitation: the loss of unfettered use of its railroad property, free of the encumbrance of the gas line easement and gas line facilities; restrictions on the ability to upgrade its railroad facilities to accommodate railroad traffic changes and business needs; creation of a significant public safety risk created by the potential for gas leaks and gas explosions; the need and cost for railroad protective insurance and the inability to secure prompt maintenance, repair and replacement of the gas facilities.

17. RBMN's License Agreement is standard in the railroad industry and affords protection of the railroad operations. UGI has executed similar License Agreements covering other natural gas pipelines.

18. UGI has an available alternate route for the location of its gas pipeline within the public right-of-way without condemning the gas line easement from an operating railroad engaged in interstate commerce.

19. Under ICCTA, the STB has exclusive jurisdiction over transportation by rail carriers, such as RBMN, and the construction, acquisition, operation, abandonment or discontinuance of facilities, even if the tracks are located or intended to be located entirely within one state. 49 U.S.C. §10501(b).

20. The ICCTA preempts state regulation of rail transportation. 49 U.S.C. §10501(b). Condemnation of railroad property has been recognized as an extreme form of state regulation over interstate rail transportation.

21. UGI's actions create an actual and justiciable controversy with RBMN concerning whether the condemnation authority granted to UGI under Pennsylvania law has been preempted by 49 U.S.C. §10501(b). Declaratory relief pursuant to 28 U.S.C. §2201 is appropriate to resolve this controversy.

WHEREFORE, Reading Blue Mountain & Northern Railroad Co. requests that this Honorable Court enter judgment declaring that UGI Utilities, Inc.'s authority to condemn railroad property is preempted by 49 U.S.C. §10501(b).

## Count II
## Declaratory Judgment (Commerce Clause)

22.  Paragraph 1 through 21 are incorporated by reference.

23.  If UGI proceeds to condemn that portion of the Right of Way, UGI through the operation of state law will take valuable current and future property rights from RBMN.

24.  UGI's actions will impose significant economic and operational burdens on RBMN's interstate rail transportation operations, which are undue and unnecessary and constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of the United States Constitution, U.S. CONST., art. I, §8.

25.  UGI's actions create an actual and justiciable controversy with RBMN concerning whether UGI's use of state law condemnation authority to take part of the Right of Way without execution of RBMN's standard License Agreement constitutes a deprivation of RBMN's constitutional rights in violation

of 42 U.S.C. §1983. Declaratory relief pursuant to 28 U.S.C. §2201 is appropriate to resolve this controversy.

WHEREFORE, Reading Blue Mountain & Northern Railroad Co. requests that this Honorable Court enter judgment declaring that UGI Utilities, Inc.'s authority to condemn railroad property is preempted by 49 U.S.C. §10501(b).

### Count III
### Injunction

26. Paragraphs 1 through 25 are incorporated by reference.

27. UGI has demanded entry onto the railroad property of RBMN for the purpose of constructing the gas pipeline under RBMN's main line but has refused to execute the RBMN License Agreement.

28. In the absence of temporary, preliminary and permanent injunctive relief, UGI will take further imminent action to regulate RBMN's freight rail transportation operations, including condemnation of that portion of the Right of Way.

30. Unless unrestrained, UGI's actions will cause RBMN imminent and irreparable harm for which there is no adequate remedy at law.

WHEREFORE, Reading Blue Mountain & Northern Co. requests that this Honorable Court enter an order enjoining UGI Utilities, Inc. from condemning any railroad property.

> Respectfully submitted,
> NAUMAN, SMITH, SHISSLER & HALL, LLP
>
> <u>s/J. Stephen Feinour</u>
> J. Stephen Feinour, Esquire
> Supreme Court ID#24580
> Joshua D. Bonn, Esquire
> Supreme Court ID #93967
>
> 200 North Third Street, 18th Floor
> P. O. Box 840
> Harrisburg, PA 17108-0840
> Phone: 717-236-3010
> Fax: 717-234-1925
> *Counsel for Plaintiff, Reading Blue Mountain & Northern Railroad Co.*

Date:  November 22, 2011